UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JEWELRY REPAIR ENTERPRISES, INC., | ) |
| Plaintiff, | ) Civil Action No. 9:15-cv-81622-BB |
| v. | ) |
| SON LE ENTERPRISES, INC. and SON LE, | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff, Jewelry Repair Enterprises, Inc. ("JRE"), respectfully submits its memorandum of law in opposition to the motion to dismiss submitted by Defendants Son Le Enterprises, Inc. and Son Le (collectively, "Defendants").

**PRELIMINARY STATEMENT**

Defendants' motion to dismiss hinders the efficient and effective resolution of this case. Defendants feign ignorance as to JRE's causes of action, unreasonably parse JRE's allegations, and seek to avoid a forthright resolution of the issues raised in JRE's Verified Complaint. This illustrates Defendants' unwillingness to come to terms with their clear breaches of the Franchise Agreement, and establishes Defendants' ultimate design to avoid their obligations owed to JRE following the expiration of their franchise. Indeed, given that Defendants entered into a consent preliminary injunction, which incorporated many of the allegations in the Verified Complaint and in which they stipulated that JRE will suffer irreparable injury if Defendants are not preliminarily enjoined, Defendants are hard-pressed to now argue that they do not understand what claims are being asserted.

Defendants' arguments fail because they cannot show either that: (i) the use of incorporation by reference as a pleading style, or (ii) the slight misnumbering of the trademark dilution statute, failed to state a cause of action or made it materially more difficult to understand or respond to the allegations in JRE's Verified Complaint. Therefore, this Court should reject Defendants' arguments and deny Defendants' motion to dismiss.

## PROCEDURAL POSTURE

JRE adopts the procedural history set forth in Paragraphs 1-4 of Defendants' motion to dismiss. (*See* Motion to Dismiss, ¶¶ 1-4). In addition, on December 22, 2015, Defendants and JRE jointly moved for entry of a consent order (the "Consent Order") (*see* Joint Motion, Doc. 16) granting injunctive relief, in which Defendants stipulated to, among other things, the following findings of fact: (i) Defendants had access to and became intimately familiar with JRE's proprietary and confidential business information through the operation of their "Fast-Fix" business for more than 10 years (*Id.* ¶¶ 1.c.-f.); (ii) Defendants' use of JRE's valuable proprietary and confidential business information was subject to and conditioned upon the signing of certain confidentiality and non-compete provisions in the Franchise Agreement (*Id.* ¶¶ 1.g.-h.); (iii) Defendants agreed to abide by certain post-term obligations following the termination or expiration of their Franchise Agreement, including to cease using JRE's name and trademarks and/or refrain from using confusingly similar words and phrases in connection with any competitive business (*Id.* ¶ 1.i.); (iv) Defendants' Franchise Agreement terminated or expired on June 1, 2015, requiring Defendants to abide by the post-term covenants and non-compete agreement (*Id.* ¶¶ 1.j.-k.); (v) Defendants agreed that the post-term covenants and non-compete provisions were valid, binding and enforceable and were reasonable as to time, geographical area and scope of activity restricted (*Id.* ¶ 1.l.-m.); and (vi) Defendants' acknowledged that JRE would

suffer irreparable injury if Defendants were not enjoined from engaging in the wrongful acts complained of in JRE's Verified Complaint. (*Id.* ¶ 1.n.).

## DISCUSSION

### I. THIS COURT SHOULD DENY DEFENDANT'S MOTION TO DISMISS BECAUSE THE COMPLAINT GIVES FAIR NOTICE OF JRE'S CLAIMS AND THE FACTUAL ALLEGATIONS SUPPORTING EACH CLAIM

#### A. JRE's Verified Complaint Complies with Federal Rule 8(a)(2) and Rule 10(c).

Defendants' contend that JRE's complaint does not comply with Fed. R. Civ. P. 8(a)(2) because JRE: (1) "has incorporated each and every fact in the 'general allegations' section into every cause of action" and (2) "has incorporated the legal and factual allegation [*sic*] of each count into every other successive count." (Motion to Dismiss, ¶ 5). In summary, Defendants assert they are confused about and did not receive adequate notice of the claims against them because "Plaintiffs [*sic*] fail to allege which facts are relevant to which causes of action." (*Id.*) Defendants' arguments are exaggerated and misplaced.

Defendants fail to appreciate that even a complaint alleged to be a "shotgun" pleading will not be dismissed where the answering party is unable to show that "a failure to more precisely parcel out and identify the facts relevant to each claim *materially increased* the burden of understanding the factual allegations underlying each count." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1324 (11th Cir. 2015) (emphasis added). In other words, simply alleging that a complaint is a "shotgun" pleading will not result in a dismissal or a requirement to replead if a more common sense approach says that the defendant is able to understand and respond to the pleading without undue burden.

In this case, Defendants cannot credibly claim that JRE's Verified Complaint materially increased their burden to understand the counts and factual allegations asserted against them or

3

that they had "difficulty knowing what they were alleged to have done and why they were liable for doing it." *Weiland, 792 F.3d* at 1324. The Verified Complaint is 16 pages long and contains only 69 paragraphs. Paragraphs 10 through 27 are entitled "General Allegations" because they apply to each and every count set forth in the Verified Complaint. All of the allegations alleged in the Verified Complaint are material to each cause of action, and there are no "rambling irrelevancies" or material inconsistencies therein.

This stands in stark contrast to *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001), which is the sole case cited and relied on by Defendants. In *Magluta* (a criminal case), the plaintiff filed a 58-page complaint against 14 defendants arising from his pretrial detention. *Id.* The court observed that the plaintiff charged all defendants in each count "*making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of.*" *Id*. (emphasis added). This is clearly not the situation before the Court here, where all of the General Allegations are relevant to every count in the Verified Complaint and both Defendants are liable for every claim asserted. The practice condemned by the *Magluta* court was not incorporation by reference per se -- as Defendants attempt to argue -- but rather the use of irrelevant and inconsistent factual allegations within the complaint that makes it difficult (or even impossible) for defendants to understand who is liable for what or to formulate an adequate response. As the court in *Magluta* noted, "the result [of such practice] is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." *Id.* As discussed, that is not the case here at all.

Defendants gloss over the context of *Magluta* by <u>intentionally omitting</u> the italicized language above from Paragraph 7 of their motion to dismiss. (*See* Motion to Dismiss, ¶ 7). In so doing, Defendants twist the case beyond its proper application and bounds. Contrary to Defendants' arguments, there is nothing wrong with the use of incorporation by reference – especially as used in JRE's Verified Complaint, where all of the prior allegations build upon one another and are relevant to all of the causes of action, which are alleged against both Defendants. In fact, the Federal Rules expressly *permit* this type of pleading style. *See* Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion."). Indeed, other courts in the Eleventh Circuit have found that the use of incorporation by reference alone is insufficient to warrant repleading or dismissal.

For example, in *T-12 Entm't, LLC v. Young Kings Enterprises, Inc.*, 36 F. Supp. 3d 1380, 1387-88 (N.D. Ga. 2014), the district court stated that although the complaint at issue bore "one mark of a shotgun pleading: repeated incorporation by reference" this alone did not warrant requiring the plaintiff to replead. The *T-12* Court reasoned that the complaint "substantially complie[d]" with Rule 8 because nothing prevented the defendants from understanding the allegations against them or preparing a response. *Id.* at 1388. Similarly, here, JRE's Verified Complaint substantially (if not fully) complies with Rule 8 and follows the express language of Rule 10(c), permitting incorporation by reference. Therefore, this case is distinguished from *Magluta* and Defendants' contentions are unavailing.

Finally, Defendants' own conduct shows that they had no trouble understanding the allegations against them, or the factual basis thereof, because they *signed the Consent Order* for the grant of injunctive relief, which is same relief sought in JRE's Verified Complaint. It simply

is not credible that Defendants failed to understand the allegations and counts of the Verified Complaint, but at the same time consented to the relief sought by that same pleading.

Accordingly, Defendants are unable to show that JRE's use of incorporation by reference or any other pleading style resulted in a materially increased burden to understand and respond to the Verified Complaint. *See Weiland*, 792 F.3d at 1324. Therefore, JRE's Verified Complaint complies with Fed. R. Civ. P. 8(a)(2) and 10(c), and this Court should reject Defendants' arguments and deny Defendants' motion to dismiss.

> **B. JRE's Verified Complaint States a Cause of Action for Trademark Dilution Pursuant to 15 U.S.C. § 1125(c).**

Defendants make much of the fact that one paragraph of Count VI misnumbers the citation to the trademark dilution statute, 15 U.S.C. § 1125(c), notwithstanding that: (a) the correct citation appears directly above that paragraph in the heading to Count VI, and (b) the substantive allegations in that Count plainly make out a cause of action for trademark dilution.

As a general matter, Defendants' feigned confusion can be remedied by a more complete and fair-minded reading of Count VI. Nevertheless, it bears pointing out that "the Federal Rules were designed to realize the liberal concept of 'notice pleading'" in which, "[a]s long as the pleadings give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests, the theory of notice pleading has been satisfied." *City of Gainesville v. Florida Power & Light Co.*, 488 F. Supp. 1258, 1263 (S.D. Fla. 1980) (internal quotations and citation omitted). In this case, Count VI of the Verified Complaint is labeled "Trademark Dilution Pursuant to 15 U.S.C. § 1125(c)." The substantive allegations of that Count state, in part, as follows:

> 62. JRE is the owner of the Marks, which have gained distinctiveness among the public.

> 63. Defendants' use of confusingly similar words and phrases in naming their competitive business impairs the distinctiveness of JRE's Mark.
>
> 64. Accordingly, Defendants' wrongful conduct has resulted in dilution by blurring of JRE's Marks, pursuant to 15 U.S.C. § 1225(c).
>
> 65. JRE has suffered and will continue to suffer damages as a result of Defendants actions.

(Verified Complaint, ¶¶ 62-65).

Notwithstanding the slight typographical error in the statutory citation for 15 U.S.C. § 1125(c), the allegations in Count VI plainly assert a claim for trademark dilution.

Defendants' arguments are unduly narrow and fly in the face of modern notice pleading.[1] "[T]he purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957). "The fact that a plaintiff pleads an improper legal theory does not preclude recovery under the proper theory." *Dimuccio v. D'Ambra*, 779 F. Supp. 1318, 1322 (M.D. Fla. 1991); *see also Strickland v. Jewell*, 562 F.Supp.2d 661 (M.D.N.C. 2007) (although mislabeled as "assault", complaint gave defendants fair notice of claim for "battery" where allegations stated that plaintiff was touched "in a sexual manner, without consent").

Here, JRE alleges that its Marks had "gained distinctiveness" and that such distinctiveness was being "impaired" by Defendants' use of "confusingly similar words and phrases". (Verified Compl., ¶¶ 63). These allegations contain sufficient factual allegations to put Defendant on notice regarding the type of claim being asserted and the basis for that claim. Therefore, JRE has properly stated a claim for trademark dilution pursuant to 15 U.S.C. § 1125(c). Defendants' arguments are of no consequence and should be dismissed.

---

[1] Defendants also cite the incorrect "no set of facts" standard for Rule 12(b)(6) motions to dismiss. As *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), makes clear, that old standard has been replaced by a standard in which the plaintiff must state "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 547. JRE clearly meets that pleading threshold.

## II. IN THE ALTERNATIVE, THIS COURT SHOULD GRANT JRE LEAVE TO AMEND OR REPLEAD THE ALLEGATIONS ITS COMPLAINT

Defendants' request for dismissal of the Verified Complaint is not only unwarranted but unduly harsh.  "[D]ismissal with prejudice is a drastic sanction" and should be imposed only "when: (1) the failure to comply with a court order is a result of willfulness or bad faith, and (2) the district court specifically finds that lesser sanctions will not suffice."  *Beckwith v. Bellsouth Telecommunications Inc.*, 146 F. App'x 368, 372 (11th Cir. 2005).  This Court should reject all of Defendants' arguments and request for relief, deny Defendants' motion to dismiss, and instruct Defendant to respond to the Verified Complaint without further delay.  However, in the event this Court decides not to deny Defendants' motion to dismiss, this Court should instead grant leave to JRE to amend or replead the allegations in its Verified Complaint.

## CONCLUSION

For the forgoing reasons, JRE respectfully requests that this Court deny Defendants' motion to dismiss or, in the alternative, grant JRE leave to amend or replead the allegations in its Verified Complaint.

Dated: January 22, 2016

                                        Respectfully submitted,

                                        /s/ David O. Batista
                                        David O. Batista
                                        Florida Bar No. 0175803
                                        E-Mail: batistad@gtlaw.com
                                        Andrea Shwayri Ferraro
                                        Florida Bar No. 0051566
                                        E-Mail: shwayria@gtlaw.com
                                        GREENBERG TRAURIG, P.A.
                                        401 East Las Olas Blvd., Suite 2000
                                        Fort Lauderdale, FL  33301
                                        Telephone: (954) 765-0500
                                        Facsimile:  (954) 765-1477

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on this 22nd day of January, 2016 on all counsel or parties of record.

                                             /s/ David O. Batista
                                             David O. Batista