UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 9:15-cv-81622-BB

JEWELRY REPAIR ENTERPRISES, INC.,

    Plaintiff,

v.

SON LE ENTERPRISES, INC. and SON LE,

    Defendants.
_____/

**ORDER ON MOTION TO DISMISS**

This cause comes before the Court upon Defendants, Son Le Enterprises, Inc. and Son Le's Motion to Dismiss (the "Motion"), ECF No. [19]. The Court has reviewed the Motion, all supporting and opposing filings, the record in this case and is otherwise fully advised in the premises. For the reasons that follow, the Motion is granted.[1]

**I.   BACKGROUND**

On November 30, 2016, Plaintiff Jewelry Repair Enterprises, Inc. ("Plaintiff") commenced this action against Defendants, Son Le Enterprises, Inc. and Son Le (collectively, "Defendants") for preliminary and permanent injunction under Fla. Stat. § 542.335 (Count I), breach of contract (Count II), unjust enrichment (Count III), misappropriation of trade secrets

---

[1] Plaintiff filed its Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Plaintiff's Response"), ECF No. [29], on January 22, 2016. Pursuant to Local Rule 7.1(c), a reply to Plaintiff's Response was required ten (10) days later. S.D. Fla. L.R. 7.1(c) (providing seven (7) days, plus an additional three (3) for mailing, which includes documents filed on CM/ECF). Accordingly, Defendants' reply was required on or before February 1, 2016. To date, Defendants have not submitted a reply memorandum. Nevertheless, the Motion is now ripe for adjudication.

1

(Count IV), unfair competition under the Lanham Act, 15 U.S.C. § 1125(a) (Count V), trademark dilution pursuant to the Lanham Act, 15 U.S.C. § 1125(c) (Count VI), and common law trademark infringement (Count VII), all related to Defendants, Son Le Enterprises, Inc. and Son Le's alleged misappropriation of Plaintiff's trademarks and trade secrets.  *See generally* Complaint, ECF No. [1].

## II.    LEGAL STANDARD

Under Federal Rules of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  To survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While it "does not need detailed factual allegations," a complaint requires "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." *Id*; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Nor can a complaint rest on "naked assertion[s] devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).  The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting

*Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003). Ultimately, "[d]ismissal pursuant to Rule 12(b)(6) is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (internal quotation omitted).

**III. DISCUSSION**

Defendants, Son Le Enterprises, Inc. and Son Le (collectively, "Defendants"), now move to dismiss Plaintiff's Complaint in its entirety on the basis that the pleading is an improper "shotgun complaint." Additionally, Defendants request dismissal of Count VI for trademark dilution pursuant to 15 U.S.C. § 1125(c).

### A. "Shotgun Pleading"

This Court and the Eleventh Circuit has warned litigants that shotgun pleadings tend to "impede the orderly, efficient and economic disposition of disputes as well as the court's overall ability to administer justice." *Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 693 F. Supp. 2d 1325, 1336 (S.D. Fla. 2010) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1128–31 (11th Cir. 2001)); *see also Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 n.10 (11th Cir. 2002) (expounding the various ways in which shotgun pleadings harm the courts and other litigants). By definition, a shotgun pleading does not comport with Rule 8's requirement of a short and plain statement of the claim. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Generally, this type of pleading "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund*, 305 F.3d at 1295. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (citing *Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001); and *Boatman v. Town of Oakland*, 76 F.3d 341, 343 n.6 (11th Cir. 1996)).

By incorporating each and every preceding paragraph, including those belonging to unrelated claims, Plaintiff's Complaint fits the shotgun-pleading bill. *See Strategic Income Fund*, 305 F.3d at 1295. The inclusion of all allegations in each individual Count makes it next to impossible for Defendants to determine the allegations forming the basis for each claim,

thereby "materially increase[ing] the burden of understanding the factual allegations underlying each count." *Weiland*, 792 F.3d at 1324.  Accordingly, amendment is required.

### B. Count VI, Trademark Dilution

Count VI purports to state a clam for trademark dilution pursuant to 15 U.S.C. § 1125(c). *See* Complaint, ECF No. [1] at ¶¶ 61-65.  Wasting both the Court's resources and their own, Defendants harp on what is indisputably a scrivener's error in the Count.  Although Plaintiff properly cites 15 U.S.C. § 1125(c) in Count VI's heading, its citation to the statute in the body refers to 15 U.S.C. § *1225*(c).  *See id.*at ¶ 64 (emphasis added).  This simple administrative error does not provide a basis for dismissal.  Clearly, Plaintiff intends to bring a claim for trademark dilution under 15 U.S.C. § 1125(c), not 15 U.S.C. § 1225(c), a provision concerning automobile dealer suits against manufacturers.  Nevertheless, Plaintiff may correct the error when amending.

### IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants, Son Le Enterprises, Inc. and Son Le's Motion to Dismiss, **ECF No. [19]**, is **GRANTED**. Plaintiff Jewelry Repair Enterprises, Inc. shall be permitted an opportunity to amend.  *See* Fed. R. Civ. P. 15(a) (requiring that leave to amend be given "freely . . . when justice so requires"). An amended pleading shall be submitted **on or before February 22, 2016**.  Failure to amend by this deadline will result in dismissal without further notice.

**DONE AND ORDERED** in Miami, Florida, this 11th day of February, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Civil Action No. 9:15-cv-81622-BB

Copies to:
Counsel of Record